**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

JOSEPH WILEY LIPPO, III

          CASE NO.: 3:09-bk-04750-PMG

      Debtor
_____/

JOSEPH WILEY LIPPO, III

      Plaintiff(s)          Adv. No. 3:09-ap-_____-PMG
v.

D.G.V.P., INC. and G-GANG, INC.

      Defendant.
_____/

**COMPLAINT**

JOSEPH WILEY LIPPO, III (Lippo), sues D.G.V.P., INC. and G-GANG, INC., and would state:

1. This is an action brought pursuant to 11 U.S.C. 506(a) to value collateral and determine the status of D.G.V.P., INC. and G-GANG, INC.'s lien and/or claim Lippo.

2. Lippo purchased his homestead property located at 1270 Winterhawk Drive, St. Augustine, Florida 32086 in July of 2005. The purchase was accomplished by a first mortgage loan by CENTEX HOME EQUITY COMPANY, LLC, executed by Lippo in the amount of $261,000.00.

3. Lippo entered into a second mortgage transaction with D.G.V.P., INC. and G-GANG, INC.,. The Defendant loaned Lippo the principal sum of $20,000.00 to be secured by a second mortgage on the Lippo property (OR Book 2903 Page 1697 of the Public Records of St. Johns County, FL).

4. Section 506 of the Bankruptcy Code defines the secured and unsecured status of debts

based upon the value of the underlying collateral. This Section provides in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(2009).

5. The replacement value of the Lippo property based on personal knowledge is $187,945.00.

6. As of the date of filing of the Voluntary Petition, there remained a sum due in excess of $255,740.00 (plus applicable payoff charges) on the first mortgage loan on the property.

7. Under the above provisions of 11 U.S.C. § 506(a), the second mortgage lien of D.G.V.P., INC. and G-GANG, INC., is wholly unsecured and subject to removal and treatment as an unsecured claim in the Lippo's Chapter 13 Plan.

**RELIEF REQUESTED**

Lippo request that this Court:

1. Value the interest and any claim of D.G.V.P., INC. and G-GANG, INC., in the Lippo property at the replacement value of $0.00;

2. Strip off the lien of D.G.V.P., INC. and G-GANG, INC., by virtue of its second mortgage, on the Lippo property and treat D.G.V.P., INC., and G-GANG, INC., as an unsecured creditor.

DATED this 22 day of July, 2009.

Law Offices of Mickler & Mickler

By:_____
BRYAN K. MICKLER
Florida Bar No. 091790
Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822 / FAX: 725-0855

2